# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW WASHINGTON, | Case No. 2:19-cv-00614-RFB-BNW |
| Petitioner, | ORDER |
| v. | |
| WARDEN WILLIAM GITTERE, et al., | |
| Respondents. | |

**The court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.**

Before the court is petitioner Matthew Washington's motion for leave to file a second-amended § 2254 petition for a writ of habeas corpus. On June 11, 2019, Megan Hoffman of the Federal Public Defender's Office appeared on behalf of petitioner and also filed a first-amended petition (ECF Nos. 9, 10, 10-1). Contemporaneously, she filed a motion for leave to file a second-amended petition on behalf of petitioner (ECF No. 11). Washington explains that the first-amended petition was filed without the FPD having a full opportunity to examine all potential claims. Washington acknowledges that he was unable to comply with Local Rule 15-1(a) (providing that "unless the court orders otherwise," the party must attach the proposed amended pleading to the motion seeking leave amend) and attach a proposed second-amended petition due to the recent

appointment of counsel. The FPD argues that it will best serve the interests of judicial economy and justice if she has the opportunity to consider all claims and to streamline, omit or add claims as appropriate. Good cause appearing, the motion is granted. Petitioner at all times remains responsible for properly exhausting his claims and for calculating the running of the federal limitation period as applied to his case.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file a first-amended petition (ECF No. 10) is **GRANTED**. The Clerk shall DETACH and FILE the first-amended petition (ECF No. 10-1).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a second-amended petition (ECF No. 11) is **GRANTED**. Petitioner shall file and serve his second-amended petition within **120 days** of the date of this order.

**IT IS FURTHER ORDERED** that respondents shall have **45 days** after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents shall have 45 days from the date on which the amended petition is due within which to answer, or otherwise respond to, petitioner's original petition. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28

U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that any state court record exhibits filed by the parties herein shall be filed with an index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed shall further be identified by the number or letter of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that, at this time, the parties shall send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

DATED: June 17, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE